IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Allen Johnson, #151706 ) | |
| ) | Civil Action No.8:09-306-CMC-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Michael McCall, Warden ) | |
| at Perry Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the court on the respondent's motion for summary judgment (Dkt. # 18) and the petitioner's motion to amend (Dkt. # 23).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on February 4, 2009.[1] On April 28, 2009, the respondent moved for summary judgment. By order filed April 29, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 15, 2009, the petitioner filed a response opposing summary judgment. On June 18, 2009, the respondent filed an amended or supplemental memorandum supporting his motion for summary judgment.[2] By order filed

---

[1] This date reflects the date that the envelope was stamped as having been received by the Perry Correctional Institution mailroom. *Houston v. Lack,* 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

[2] The respondent stated that the he filed a supplemental return because the entire procedural history of the petitioner's appeals was not contained in the original return. (Resp.'t's Supp. Mem. at 1 n. 1.)

June 19, 2009, pursuant to *Roseboro,* the petitioner was again advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond. The petitioner responded on July 10, 2009.

## I. **PROCEDURAL FACTS**

In June 1998, the petitioner was indicted for possession with intent to distribute ("PWID") cocaine within a half mile of public playground or park and trafficking in cocaine. The petitioner was represented by Dorothy A. Manigault, Esquire. On July 19, 2000, the petitioner pled guilty and was sentenced by the Honorable Larry R. Patterson to concurrent terms of ten years for the PWID cocaine charge and twenty-five years for trafficking charge. The petitioner did not file a direct appeal.

On March 17, 2005, the petitioner filed an application for post-conviction relief ("PCR"). On May 12, 2005, the Honorable Ned Miller entered a conditional order dismissing as untimely. On July 12, 2005, Judge Miller filed a final order summarily dismissing the application as untimely. The petitioner filed a timely notice of appeal.

The South Carolina Supreme Court ordered the petitioner, pursuant to Rule 227(c), SCACR, to show an arguable reason why the denial of his application was improper. Although the petitioner filed a response, on September 22, 2005, the South Carolina Supreme Court found the petitioner had failed to meet his burden and dismissed the appeal. The petitioner filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on October 10, 2006.

On March 7, 2007, the petitioner filed a state petition for a writ of habeas corpus. On May 7, 2007, the Honorable D. Garrison Hill filed a conditional order dismissing the action as not a proper state habeas action on the basis the allegations contained in the petition could have been raised at the petitioner's PCR and therefore could not be raised to the

2

circuit court in a habeas action.  Judge Hill signed a final order of dismissal on July 23, 2007,  finding the action was not a proper state habeas action because the issue raised could have been raised in petitioner's PCR proceeding and did not fall under the subject matter jurisdiction exception that can be raised at any time.  The petitioner appealed Judge Hill's dismissal of his state habeas action to the South Carolina Court of Appeals.

On October 9, 2008, the South Carolina Court of Appeals affirmed the dismissal of the petitioner's state habeas petition in *State v. Allen Johnson,* 2008-UP-547 (Ct. App. filed October 9, 2008).  The South Carolina Supreme Court affirmed pursuant to Rule 220(b), SCACR and the following authorities: S.C. Code Ann. Section 17-27-20(a)-(b) (2003); *State v. Gentry,* 610 S.E.2d 494, 499 (S.C. 2005)(finding subject matter jurisdiction and sufficiency of the indictment are two distinct concepts); *Simpson v. State*, 495 S.E.2d 429, 431 (S.C. 1998)(explaining habeas corpus is available only after the petitioner has exhausted all post-conviction remedies and habeas corpus cannot be used as a substitute for appeal or as a remedial procedure for the correction of errors for which a criminal defendant had an opportunity to avail himself); *Keeler v. Mauney,* 500 S.E.2d 123, 124 (S.C. Ct. App. 1998)(" A person is procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application."). The remittitur was sent down on October 27, 2008.

On April 25, 2008, the petitioner filed a second PCR application challenging a previous conviction from 1998, which he alleged was improperly used to enhance his sentence for his 2000 conviction.  On January 6, 2009, the Honorable John C. Few filed a conditional order dismissing the petitioner's second PCR action on the grounds it was untimely and successive.  On April 2, 2009, the Honorable Larry R. Patterson filed a final order dismissing the application finding it barred by the state statute of limitations and successive.  The petitioner appealed the dismissal of his second PCR.  On May 27, 2009,

the South Carolina Supreme Court dismissed the appeal finding that the petitioner had failed to show that there was an arguable basis for asserting that the determination by the lower court was improper. The remittitur was sent down on June 12, 2009.

In this habeas petition, the petitioner raises one ground for relief:

> **Ground One:** Applicant claim subject matter jurisdiction.
>
> **Supporting Facts:** Applicant claim there was no court term for month of June 1998 term of General Sessions under S.C. Code Section 14-5-790 the S.C. Legislature has enacted the following schedule for term of General Sessions Court in Greenville County. A claim of subject matter jurisdiction.

## II. **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### III. **DISCUSSION**

The respondent contends that this habeas petition should be dismissed because it is barred by the one-year statute of limitations for filing federal habeas petitions. The undersigned agrees.

**A. Statute of Limitations**

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

5

> the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final after ten days. Rule 203(b)(2), SCACR. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999). However, a State PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005).

6

The petitioner pled guilty on July 19, 2000, and the petitioner did not file a direct appeal. Therefore, the one-year time limit to file his federal habeas petition expired on July 30, 2001, absent any tolling.[3] The petitioner did not file his first PCR action until March 17, 2005, approximately three and one-half years after the expiration of the statute of limitations.[4] As the time for filing a federal habeas petition had already expired before the petitioner filed his first PCR, its filing did not toll the statute of limitations for federal habeas petitions.

Furthermore, it does not appear that the petitioner is entitled to an equitable tolling of the time period. To be entitled to equitable tolling, the petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330.

The petitioner does not argue he is entitled to equitable tolling. He merely contends that because he is raising an issue regarding subject matter jurisdiction, the statute of

---

[3]Pursuant to South Carolina Appellate Rule 234, "the day of the act, event, or default after which the designated period of time begins to run is not to be included." SCACR 234.

[4]As this PCR application was untimely under state law, it was not considered "properly filed" and could not have tolled the statute of limitations. *Pace,* 544 U.S. at 414.

7

limitations does not apply. However, the petitioner has not shown that the one-year statute of limitations does not apply to his case.

> Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. *See Pulley v. Harris*, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

*Sheppard v. McMaster*, 2006 WL 2051979 (D.S.C. 2006). There is no exception under the AEDPA for subject matter jurisdiction claims, and the petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA. *Moore v. Ozmint*, 2006 WL 2873620 (D.S.C. Oct. 4, 2006). *See also Blackshear v. McDonough*, No. 2008 WL 2312677 (M.D. Fla. June 4, 2008) (dismissing as untimely a section 2254 petition which argued the one year limitation did not apply to the allegation that the state court lacked jurisdiction); *Carpenter v. Motley,* 2007 WL 4553340 (W.D. Ky. Dec.19, 2007) (same); *Johnson v. Jones,* 2006 WL 2092601 (M.D. Ala. July 27, 2006) (same); *Hornsby v. Booker,* 2007 WL 1499839 (E.D. Mich. May 22, 2007) (denying petitioner's motion for reconsideration and reiterating that "a prisoner filing a habeas corpus petition is not exempt from the statute of limitations simply because the prisoner raises a claim that the state court lacked jurisdiction.") Accordingly, notwithstanding that the petitioner has raised a subject matter jurisdiction issue, the petitioner's habeas petition is untimely and should be dismissed.

**B. Petitioner's Motion to Amend Habeas Petition**

The petitioner has filed a motion to amend his habeas petition to raise the following claim, quoted verbatim: "Applicant is challenging a ten (10) years old conviction and

8

sentence which was used to enhance his July 19, 2000 conviction of guilty plead drug offense." (Mot. to Amend Pet. at 1.) Federal law specifically provides that habeas corpus petitions "may be amended . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Accordingly, the undersigned looks to Rule 15, FRCP, in deciding whether to grant a habeas petitioner's motion to amend his petition. Rule 15 states that leave to amend "shall be freely given when justice so requires." "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). As the undersigned has recommended that this habeas petition be dismissed as untimely, any amendment would be futile. Accordingly, the undersigned recommends that this motion be denied.

## IV. CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 18) be GRANTED; the Petitioner's Motion to Amend (Dkt. # 23) be DENIED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                          s/Bruce Howe Hendricks
                                          United States Magistrate Judge

July 14, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).